■ TAMACH AIRPORT MANAGER, LLC, Appellant, v HRC FUND III POOLING DOMESTIC LLC, Defendant/Third-Party Plaintiff-Respondent. TAMACH REAL ESTATE MANAGEMENT, INC., et al., Third-Party Defendants-Appellants. [933 NYS2d 275]—

Defendant/third-party plaintiff HRC Fund III Pooling Domestic LLC (HRC) established its entitlement to summary judgment as to the causes of actions asserted in its counterclaim and third-party complaint. The record reveals that plaintiff and third-party defendants signed agreements which stated that should plaintiff contest or materially interfere with any foreclosure action or Uniform Commercial Code sale by making any motion, commencing any action, seeking any injunction or other restraint to prevent HRC from disposing of the collateral, HRC would be allowed to obtain full recourse from plaintiff and third-party defendants.

It is undisputed that after plaintiff defaulted on the loan, HRC notified plaintiff of its intention to sell the collateral. In response, plaintiff commenced this action and obtained a temporary restraining order preventing HRC from selling the collateral. After HRC voluntarily withdrew the sale, plaintiff continued with this action by filing a complaint which sought to permanently enjoin HRC from selling the collateral.

Under these circumstances, the fact that HRC voluntarily withdrew the sale is irrelevant. The record shows that plaintiff's actions, by commencing this action and seeking to prevent HRC from disposing of the collateral after plaintiff defaulted on the loan, fell within the agreement's provision that would subject plaintiff and third-party defendants to liability for the full amount of the loan.

We have considered plaintiff and third-party defendants' remaining arguments, and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ. **[Prior Case History: 27 Misc 3d 1228(A), 2010 NY Slip Op 50953(U).]**